NOT FOR PUBLICATION

FILED

NOV 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KELVIN NEAL WILLIAMS, | No. 10-56318 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00327-DOC-AGR |
| v. | |
| DAN RICHEY, Officer; MCCAMY, Officer, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted November 8, 2011[**]

Before:     O'SCANNLAIN, TASHIMA, and GRABER, Circuit Judges.

Kelvin Neal Williams, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

excessive force in connection with his arrest.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Luchtel v. Hagemann*, 623 F.3d 975, 978 (9th Cir. 2010). We affirm.

The district court properly granted summary judgment for Officers Richey and McCamy because Williams failed to raise a genuine dispute of material fact as to whether the officers used excessive force in subduing and handcuffing him. *See id.* at 980-83 (granting summary judgment for officers where the plaintiff had actively resisted arrest and the "officers applied the least amount of force necessary to subdue [the plaintiff] by pinning her to the ground and handcuffing her"); *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1096-97 (9th Cir. 2006) (no excessive force where suspect was resisting arrest by trying to spin out of officer's grasp); *see also Scott v. Harris*, 550 U.S. 372, 384 (2007) (when balancing governmental interest in using force against individual's interest in being free of excessive force, appropriate to consider the "relative culpability" of the parties, including which party was responsible for escalating the situation).

To the extent that Williams sued the officers in their official capacities, the district court also properly granted summary judgment on the claim of municipal liability because Williams failed to demonstrate any underlying constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per

curiam) (if defendant police officers "inflicted no constitutional injury," the municipality cannot be liable for damages).

Williams's remaining contentions are unpersuasive.

Defendants' motion to supplement the excerpts of record is granted.

Williams's motion "for a stay of summary judgment," filed on February 7, 2011, together with his "addendum in support," filed on February 9, 2011, are construed as Williams's reply brief, and have been considered by the court.

Williams's motions to supplement the record with additional medical records that were not available to the district court are denied.

**AFFIRMED.**

10-56318